UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TERON FRANKLIN,<br><br>                Plaintiff,<br>    v.<br>STATE OF NEVADA, *et al.*,<br><br>                Defendants. | Case No. 3:18-cv-00522-MMD-CBC<br><br>SCREENING ORDER |

Plaintiff, who is in the custody of the Nevada Department of Corrections ("NDOC"), has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983, and has filed both an application to proceed *in forma pauperis*, and an amended motion for permanent injunction. (ECF Nos. 1-1, 1-2, 4, 5.) The Court now screens Plaintiff's civil rights complaint pursuant to 28 U.S.C. § 1915A and addresses the motions.

**I.    IN FORMA PAUPERIS APPLICATION**

Plaintiff's application to proceed *in forma pauperis* is granted. (ECF No. 5.) Based on the information Plaintiff provided regarding his financial status, the Court finds that Plaintiff is not able to pay an initial installment payment toward the full filing fee pursuant to 28 U.S.C. § 1915. Plaintiff will, however, be required to make monthly payments toward the full $350.00 filing fee when he has funds available.

**II.    SCREENING STANDARD**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings, however,

must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act ("PLRA"), a federal court must dismiss a prisoner's claim, if "the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff

must provide more than mere labels and conclusions. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *See id.*

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Finally, all or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g.*, claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.*, fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

### III. SCREENING OF COMPLAINT

Plaintiff has filed a 136-page complaint, excluding exhibits, against multiple defendants. (*See* ECF No. 1-1 at 1-129; ECF No. 1-2 at 1-7.) Although the complaint is difficult to understand, it appears that "the Government is using a [satellite] or a radar dish to beam on [Plaintiff's] body, in which [Plaintiff is] being spoken to in [his] head hearing sound air waves." (ECF No. 1-1 at 14.) Plaintiff further alleges the following. Plaintiff has lead poisoning which makes him "feel electricity and a large moving bubble in [his] head as others seem to be trying to move it [through his] brain, energizing [him] so [he] can remain talking as if [he is] some human phone." (*Id.* at 15.) The Secret Service, military,

3

and FBI are trying to "burn whatever it has in" Plaintiff. (*Id.* at 16.) Plaintiff hears buzzing signal sounds around him because the military or FBI are using satellite or dish radar to talk to Plaintiff. (*Id.* at 20.) Additionally, someone is plugging a chip into Plaintiff's television set to open a television porthole to permit electricity to shoot into Plaintiff which has Plaintiff talking and hearing things. (*Id.* at 25.) Prison officials are also placing acid, PCP, and an aluminum tasting substance in his food causing Plaintiff to become very sick. (*Id.* at 35.) Plaintiff is a human computer that has had some sort of military gadgets inflicted upon him via satellite or radar dish. (*Id.* at 43.) Plaintiff appears to be alleging violations of his First, Fifth, and Eighth Amendment rights. (*See generally* ECF No. 1-1.)

The Court finds that Plaintiff's factual allegations are fanciful, *i.e.* fantastic or delusional scenarios. *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). The allegations that the government is sending electric waves to Plaintiff via satellite to talk to him are fanciful and delusional and lack an arguable basis in fact. As such, the Court dismisses the entire complaint with prejudice as amendment would be futile.

**IV.    CONCLUSION**

It is therefore ordered that Plaintiff's application to proceed *in forma pauperis* (ECF No. 5) without having to prepay the full filing fee is granted. Plaintiff is not required to pay an initial installment fee. Nevertheless, the full filing fee will be due, pursuant to 28 U.S.C. § 1915, as amended by the PLRA. The movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs or the giving of security therefor. This order granting *in forma pauperis* status does not extend to the issuance and/or service of subpoenas at government expense.

It is further ordered that, pursuant to 28 U.S.C. § 1915, as amended by the PLRA, the Nevada Department of Corrections will pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to the account of **Teron Franklin, #60567** (in months that the account exceeds $10.00) until the full $350 filing

4

fee has been paid for this action. The Clerk of Court is directed to send a copy of this order to the attention of **Chief of Inmate Services for the Nevada Department of Prisons,** P.O. Box 7011, Carson City, NV 89702.

It is further ordered that, even if this action is dismissed, or is otherwise unsuccessful, the full filing fee will still be due, pursuant to 28 U.S.C. §1915, as amended by the PLRA.

It is further ordered that the Clerk of Court file the complaint (ECF Nos. 1-1, 1-2).

It is further ordered that the Clerk of Court dismiss the complaint (ECF Nos. 1-1, 1-2) in its entirety, with prejudice, as amendment would be futile.

It is further ordered that the motion for permanent injunction (ECF No. 4) is denied as moot.

It is further ordered that this Court certifies that any *in forma pauperis* appeal from this order would not be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3).

It is further ordered that the Clerk of Court enter judgment accordingly and close this case.

DATED THIS 6th day of August 2019.

                                    MIRANDA M. DU
                                    UNITED STATES DISTRICT JUDGE