**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| TERON FRANKLIN,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>STATE OF NEVADA, *et al.*,<br><br>　　　　　Defendants. | Case No. 3:18-CV-00522-MMD-CLB<br><br>**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE**[1]<br><br>[ECF No. 36] |

Pending before the Court is Plaintiff Teron Franklin's ("Franklin") motion for a preliminary injunction. (ECF No. 36.) Defendants opposed, (ECF No. 41), and Franklin did not reply. For the reasons discussed below, the Court recommends that Franklin's motion be denied.

**I.    LEGAL STANDARD**

A preliminary injunction is an extraordinary remedy never awarded as of right. *Winters v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 24 (2008). However, as a threshold matter, the court lacks authority to issue injunctive relief when there is no "relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint." *Pac. Radiation Oncology, LLC v. Queen's Medical Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015) (citing *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994)). Thus, the moving party must establish there is a sufficient nexus between the claims raised by the injunctive relief motion and the conduct asserted in the underlying complaint. *Id*.

///

---

[1] This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

Where the motion for preliminary injunction is related to new allegations of misconduct—distinct from the allegations at issue in the complaint—such a motion must be denied. *See e.g., Padilla v. Nevada*, No. 2:08-cv-410, 2011 WL 2746653, at 8 (D. Nev. June 3, 2011) (denying request for preliminary injunction unrelated to claims in the complaint); *Mitchell v. Haviland*, No. 2:098-cr-3012, 2014 WL 458218, at *2 (E.D. Ca. February 4, 2014) (denying motion for preliminary injunction where the conduct asserted in the motions is based on new assertions of misconduct unrelated to the acts of misconduct asserted in the complaint); *Burton v. Paramo*, No. 3:17-cv-1953-BEN-KSC, 2017 WL 6048805, at *4 (S.D. Ca. Dec. 5, 2017) (denying motion for preliminary injunction seeking injunction claimed retaliation for bringing underlying lawsuit because those acts were separate from claims asserted within the complaint itself.)

## II.  DISCUSSION

Although Franklin's motion is titled as a "motion for preliminary injunction," it does not appear that Franklin is, in fact, seeking any type of injunctive relief. Rather, Franklin states at the beginning of the motion that he is coming before the Court for "inlightment (sic) and help." (ECF No. 36 at 1.) He states that "before any decision is made or any order is rendered" he begs "the Court to take note" of what appear to be several issues. (*Id*. at 1-2). Specifically, Franklin provides extensive information related to various issues and complaints, including, but not limited to, current mental health issues, alleged mind control by the government, and issues arising in a separate habeas corpus action involving Franklin's underlying conviction. None of the issues or items are related to the facts of *this* case.

To the extent Franklin is requesting any type of injunctive relief, the motion should be denied because Franklin has failed to establish that any of the allegations or complaints listed in the motion have any nexus or relationship to the allegations in the underlying complaint. The facts giving rise to the amended complaint arose from distinct events related to a court ordered mediation that occurred in 2016. (*See* ECF No. 18 at 3-4.) By contrast, the facts and information provided in the motion do not appear to relate

in any way to those events. Rather, the issues and facts relate to current treatment of Franklin, as well as issues arising in a separate habeas corpus action involving Franklin's underlying criminal conviction.

Like the *Mitchell* and *Burton* cases discussed above, Franklin's motion alleges new and distinct claims of mistreatment from those asserted in the complaint. As such, Franklin has failed to show any relationship between those alleged injuries and the allegations contained in his complaint. Accordingly, this Court lacks authority to grant the relief requested, and the motion should be denied. *See Pac. Radiation Oncology*, 810 F.3d at 636.

## III.   CONCLUSION

For good cause appearing and the reasons stated above, the Court recommends that Franklin's motion for preliminary injunction, (ECF No. 36), be denied.

The parties are advised:

1.   Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.   This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## IV.   RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Franklin's motion for preliminary injunction, (ECF No. 36), be **DENIED**.

DATED: August 31, 2021.

_____
**UNITED STATES MAGISTRATE JUDGE**