# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
\* \* \*

| | |
|---|---|
| TERON FRANKLIN,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>STATE OF NEVADA, *et. al.*,<br><br>　　　　　　Defendants. | Case No. 3:18-cv-00522-CLB<br><br>**ORDER DIRECTING CLERK TO RANDOMLY REASSIGN CASE TO DISTRICT JUDGE FOR DECISION ON MOTION TO WITHDRAW CONSENT AND STAYING CASE** |

　　　On May 9, 2022, this case was referred to the undersigned on consent in accordance with 28 U.S.C. § 636. (ECF No. 101.) Shortly after, Plaintiff Teron Franklin filed an objection to the order assigning this case on consent. (ECF No. 103.) The Court construes the objection as a motion to withdraw his consent to proceed before a magistrate judge and ordered Defendants to respond accordingly. (ECF No. 104.) Defendants responded to the objection and opposed the motion to withdraw consent. (ECF No. 105.)

　　　In 2019, the Ninth Circuit explicitly ruled only a district judge may rule on a motion to withdraw consent to the jurisdiction of a magistrate judge. *Branch v. Umphenour*, 936 F.3d 994, 1001-02 (9th Cir. 2019) (citing 28 U.S.C. § 636(c)(4); Fed. R. Civ. P. 73(b)(3)); *see also Brown v. Leachman*, 2018 WL 827233 at \*1 (N.D. Cal., Mar. 4, 2021) (order from magistrate judge in consent case wherein the appellate court directed the magistrate to transfer the case such that a district judge could decide, in the first instance, whether or not the plaintiff should have been permitted to withdraw consent to proceed before a magistrate judge).

///
///
///
///

    Accordingly, the Clerk shall randomly reassign this case to a district judge for decision on the motion to withdraw consent, (ECF No. 103). Additionally, all deadlines, including briefing on Defendants' motion for summary judgment, shall be stayed until a decision on the motion to withdraw consent is rendered.

**DATED**: _May 31, 2022_____.

_____
**UNITED STATES MAGISTRATE JUDGE**