# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TERON FRANKLIN,<br><br>      Plaintiff,<br><br>v.<br><br>STATE OF NEVADA, *et al.*,<br><br>      Defendants. | Case No. 3:18-CV-00522-CLB<br><br>**ORDER WITHDRAWING PRIOR ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL AND GRANTING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>[ECF Nos. 37, 42] |

On August 2, 2021, Plaintiff Teron Franklin ("Franklin") filed a motion for appointment of counsel. (ECF No. 37.) The Court ultimately denied the motion, finding that exceptional circumstances did not exist to warrant appointment of counsel at that time. (ECF No. 42.) The Court now withdraws the prior order and reconsiders Franklin's motion.

There is no constitutional right to appointed counsel in a § 1983 action. *E.g., Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *opinion reinstated in pertinent part*, 154 F.3d 952, 954 n.1 (9th Cir. 1998) (en banc). The provision in 28 U.S.C. §1915(e)(1) gives the court discretion to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); *see, e.g., Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1998) (en banc.)  While the decision to request counsel lies within the discretion of the district court, the court may exercise this discretion to request counsel only under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

A finding of "exceptional circumstances" requires the court to evaluate (1) the plaintiff's likelihood of success on the merits and (2) the Plaintiff's ability to articulate his claims *pro se* considering the complexity of the legal issues involved. *Id.* (quoting *Wilborn*, 789 F.2d at 1331) (internal quotation marks omitted). Neither factor is dispositive, and both factors must be considered before a court decides. *Id.* The difficulties every litigant faces when proceeding *pro se* does not qualify as an exceptional circumstance. *Wood v. Housewright*, 900 F. 2d 1332, 1335-36 (9th Cir. 1990). While almost any *pro se* litigant

would benefit from the assistance of competent counsel, such a benefit does not rise to the level of "exceptional circumstances." *Rand*, 113 F.3d at 1525. Rather, the plaintiff must demonstrate that he is unable to articulate his claims due to their complexity. *Id.*

Given the posture of this case at this juncture, the Court finds that exceptional circumstances warrant appointment of counsel. *Terrell*, 935 F.2d at 1017. Specifically, given Franklin defeated Defendants' motion for summary judgment as to the excessive force claim, Franklin has a likelihood of success on the merits. Additionally, as this case will now proceed to trial the Court finds that Franklin's documented mental health conditions, he has a diminished ability to articulate his claims at trail *pro se* considering the complexity of the legal issues involved—such as the potential need for expert witnesses. Accordingly, Franklin has shown that exceptional circumstances exist here.

The Court therefore withdraws the prior order denying the motion for appointment of counsel, (ECF No. 42), and reconsiders and grants Franklin's motion for appointment of counsel, (ECF No. 37). This case is referred to the Pro Bono Program adopted in the Amended General Order 2019-07 for the purpose of identifying counsel willing to be appointed as pro bono counsel for Franklin. By referring this case to the Program, the Court is not expressing an opinion on the merits of the case.

Accordingly, **IT IS HEREBY ORDERED** that the Court's prior order denying the motion for appointment of counsel, (ECF No. 42), is **WITHDRAWN**.

**IT IS FURTHER ORDERED** that upon reconsideration, Franklin's motion for appointment of counsel, (ECF No. 37), is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is referred to the Pro Bono Program for appointment of counsel for the purposes identified herein.

**IT IS FURTHER ORDERED** that the Clerk shall also forward this order to the Pro Bono Liaison.

**DATED**: January 9, 2023

_____
UNITED STATES MAGISTRATE JUDGE